UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jennifer Hill,<br>    *Plaintiff*,<br><br>v.<br><br>United States of America,<br>    *Defendant*. | Civil No. 3:09cv1692 (JBA)<br><br><br><br>October 22, 2010 |

RULING ON DEFENDANT'S MOTION TO DISMISS [Doc. # 15]

Plaintiff Jennifer Hill brought suit on October 21, 2009 against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, claiming that an employee of the United States Postal Service ("USPS") negligently collided with her vehicle. Plaintiff seeks damages for injuries and physical and mental anguish because of the accident, which she alleges took place on October 25, 2007 in East Haven, Connecticut. The Government has moved to dismiss the case for lack of subject–matter jurisdiction pursuant to Rule 12(b)(1), arguing that Plaintiff's claim is time–barred by the FTCA because it was not filed within six months of administrative exhaustion, as required by 28 U.S.C. § 2401(b). For the reasons that follow, the Government's motion will be granted.

I. Factual Background and Procedural History[1]

In her Complaint, Plaintiff alleges that on October 25, 2007 a USPS truck collided with the rear of her vehicle, which was stopped in a line of traffic on Kimberly Avenue in East Haven, Connecticut. (Compl. ¶ 4.) As a result of the accident, she further alleges she suffered injuries to her neck, chest, and back as well as physical and mental pain and anguish. (*Id.* ¶ 6.)

Complying with the FTCA requirement that "[a] tort claim against the United States" must first be "presented in writing to the appropriate Federal agency within two years after such claim accrues," 28 § U.S.C. 2401(b), Plaintiff timely filed a completed Standard Form 95 with the USPS, in which she claimed a sum certain of $20,427.71 for property damage and personal injuries. (*Id.*) She also listed attorney Timothy Gunning as her attorney of record.[2] (*Id.*) The USPS received the filing on May 22, 2008. (*Id.*)

Plaintiff's claim with the USPS was not successful. After Plaintiff failed to comply with a request for additional medical records, (Gunning Aff. Supp. Pl.'s Obj.[Doc. # 17] ¶¶ 6–8.), the USPS denied Plaintiff's claim by letter dated November 7, 2008 and sent, by certified mail, to Plaintiff's attorney. (Ex B to Crump Decl. [Doc. # 15].)

---

[1] In adjudicating a motion under Rule 12(b)(1) for lack of subject–matter jurisdiction, a court may consider material outside the pleadings, including "by affidavit or otherwise." *Kamen v. Am. Tel & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Reference to outside material, however, should not include "conclusory or hearsay statements contained in the affidavits." *J.S. ex rel N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

[2] Timothy Gunning no longer represents Plaintiff.

In the letter, Eura Williams, a USPS Accounting and Control Specialist, wrote, "Due to [Plaintiff's] failure to submit competent evidence as required, the . . . claim is hereby denied." Williams also included instructions on the next steps that Plaintiff would have to undertake if she chose to pursue her claim further:

> In accordance with 28 U.S.C. Section 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.
>
> Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. Section 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.
>
> A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

(*Id.* at 1–2.)

Plaintiff sought reconsideration of the denial of her claim. On December 16, 2008, the USPS received a letter from Plaintiff's attorney, Timothy Gunning, requesting reconsideration. (Ex. C to Crump Decl.) In the letter, Gunning wrote:

> This letter shall serve as a formal request for reconsideration of the denial of the above–referenced claim which occurred by letter dated November 7, 2008.
>
> . . . Based on the production of the necessary medical records and the clear liability of the insured, I would respectfully request that the initial denial be reconsidered and set aside.

(*Id.*) Just three days after receiving the letter, on December 19, the USPS made a settlement offer for $3,100 and gave Plaintiff fourteen days to consider it. (Ex. G. to Gunning Aff.) Gunning avers that, with some medical records still pending, fourteen days were not enough to respond to the offer. (Gunning Aff. ¶ 14.) Anticipating that the medical records would be available shortly, on January 7, 2009, he submitted a written request for a thirty–day extension. (Ex. H to Gunning Aff.) Even though the request came three days after the USPS offer expired, Gunning avers that Eura Williams, the USPS tort claims employee, agreed over the telephone to "consider additional records sent with regard to an evaluation of settlement."[3] (Gunning Aff. ¶ 20.) But, thirty days after submitting his request, Gunning still had not submitted additional evidence or made further contact with the USPS.

On February 23, 2009, the USPS sent by certified mail another denial letter. (Ex. D to Crump Decl.) In that letter, Williams wrote that "we have been unable to reach a mutually satisfactory resolution of this matter in the administrative claim process. Accordingly, the claim is denied." (*Id.* at 1.) Notwithstanding the fact that it followed upon Plaintiff's request for reconsideration, the letter repeated word for word the language used in the November 7, 2008 letter denying the original claim. (*Id.*) It informed Plaintiff that she could "file a written request for reconsideration," contravening the plain terms of 39

---

[3] Gunning does not aver when the telephone conversation took place.

C.F.R. § 912.9(d), which specifies that "[o]nly one request for reconsideration of a final denial may be filed." 39 C.F.R. § 912.9(d). Still, the letter did indicate that "any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter . . . ." (Ex. D to Crump Decl. at 1.)

Gunning avers that he did not consider the February 23 letter exhaustive of the administrative claims process. Rather, he thought that resolution of the claim remained pending in light of the fact that he had requested extra time—albeit only thirty extra days—to submit additional records. (Gunning Aff. ¶¶ 19–23.) As he states in his affidavit:

> The undersigned did not consider the February 23, 2009 letter from the United States Postal Service . . . a final denial of the claim upon which the six (6) month period began to file a lawsuit. Rather, it was the undersigned's understanding based upon the earlier pattern of decision making by the representative from the United States Postal Service, as well as correspondence and telephone conversations with the United States Postal Service, that the claim was still being evaluated.

(*Id.* ¶ 23.)

But, it was not until seven months later, on September 18, 2009, that Gunning finally sent the additional records that he had been awaiting since January. (Ex. E to Crump Decl.) In an accompanying letter, he noted, "Please contact me should settlement of this matter be possible. The formal action will be filed in the next week due to the upcoming statute on the matter." (*Id.*) Subsequently, on October 21, Plaintiff filed her complaint with the Court. (*See* Compl.)

On November 6, 2009, the USPS sent a letter in response to Gunning's September 18 submission. (*See* Ex. F to Crump Decl.) In the letter, Williams explained the USPS's understanding that, because of the February 23 denial, Plaintiff's "lawsuit had to be filed by

August 23, 2009 at the latest. . . . Because the statute of limitations has expired, the Postal Service can take no further action on this matter." (*Id.*)

II. Legal Standard

A case may be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff has the burden of proving by a preponderance of the evidence that the requirements of jurisdiction are met. *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). In determining whether the plaintiff has met this burden, reference may be made to evidence outside the pleadings. *Kamen*, 791 F.2d at 1011. Furthermore, "the court must accept as true all material factual allegations in the complaint, but [it will] not draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

III. Discussion

The parties dispute the Court's subject–matter jurisdiction. "It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (noting that "the Postal Service enjoys federal sovereign immunity absent a waiver"). "'[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' Any limitations imposed by the waiver statute, whether they be substantive, procedural, or temporal, are to be strictly applied against the claimant." *Millares Guiraldes de Tineo v.*

*United States*, 137 F.3d 715, 719 (2d Cir. 1998) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The FTCA constitutes one such waiver, allowing tort actions to be brought against the United States in District Court under some limited circumstances. *See* 28 U.S.C. § 2671 *et seq.* Among its several terms, the FTCA bars any claim from federal court "unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing." *Millares Guiraldes de Tineo*, 137 F.3d at 719–20. Moreover, a claim is also barred if it is not brought within six months of its final denial by an agency. *See* 28 U.S.C. § 2401(b). Since the FTCA is jurisdictional, each of these conditions "must be satisfied for a court to exercise jurisdiction." *Adeleke*, 355 F.3d at 153.

The Government bases its challenge to the Court's subject–matter jurisdiction on the timeliness of Plaintiff's lawsuit. It asserts that the February 23, 2009 letter constituted a final denial and triggered the running of the six–month jurisdictional limitations period contained in Section 2401(b). The Court's jurisdiction, the Government argues, expired on August 23, 2009. Plaintiff counters that the February 23 letter in fact had no legal significance because the USPS led Gunning "to reasonably believe that it was still actively considering her claim after February 23, 2009." (Supp'l Mem. Supp. [Doc. # 24] at 5.) Plaintiff further argues that even if the denial was valid, the limitations period should be equitably tolled for the same reason. At issue, then, is whether the February 23 letter constituted a *bona fide* final denial and, if so, whether Plaintiff is entitled to equitable tolling of the § 2401(b) limitations period.

A. Finality of the Denial of Plaintiff's Administrative Claim

By statute, a final denial must be (i) in writing and (ii) sent by certified or registered mail to the claimant, his attorney, or legal representative. *See* 28 U.S.C. §§ 2401(b), 2675(a). By administrative regulation, a final denial must also "include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing the notification." 39 C.F.R. § 12.9(a). *See also Miller v. United States*, 741 F.2d 148, 150 (7th Cir. 1984) (holding that a USPS letter did not constitute a final denial when it merely recommended that plaintiff pursue her grievance with postman's insurance carrier, did not include a statement that claimant could file suit in District Court, and was not sent by registered mail). If an agency fails to issue a final denial within six months of a claim's filing, the claimant has the option any time thereafter of pursuing his or her action in District Court. 28 U.S.C. § 2675(a). As the parties agree, the February 23 letter satisfies the three statutory and administrative requirements. The letter was in writing, was sent by certified mail, and adequately informed Plaintiff of her right to file suit in District Court.[4]

Nevertheless, Plaintiff wishes the Court to read an additional requirement into Section 2401(b), namely that an administrative denial is not final if "[t]he agency leads the claimant reasonably to believe that it is still actively considering the original claim." *Woirhaye v. United States*, 609 F.2d 1303, 1306 (9th Cir. 1979). The *Woirhaye* decision,

---

[4] Nothing in the FTCA addresses the effect of a denial of a timely–filed request for reconsideration—as provided for in 39 C.F.R. § 912.9(b)—on Section 2401(b)'s six–month limitations period. But, the Court need not decide the issue here since, even if a denial of a request for reconsideration reset the limitations period, Plaintiff did not file her complaint until October 21, 2009, more than six months after the February 23 letter.

8

however, is not binding on this Court and runs contrary to the principle that courts should generally construe waivers of sovereign immunity "strictly in favor of the sovereign and not enlarge the waiver beyond what the language requires." *Library of Cong. v. Shaw*, 478 U.S. 310, 318 (1986) (citations omitted).

But, even under *Woirhaye*, Plaintiff's argument fails: Plaintiff neither alleges nor has offered any evidence that the USPS led Gunning reasonably to believe that it was still actively considering the original claim. Although Plaintiff cites the January 2009 telephone conversation between Gunning and Williams as well as the text of the February 23 letter, neither suffices. According to Gunning's own affidavit, the telephone conversation concerned only consideration of additional *records*, not a grant of additional *time*. Moreover, while the February 23 denial misstated Plaintiff's eligibility for a second request for reconsideration, the error does not evidence any further consideration of the original claim. In fact, the February 23 letter stated quite clearly that "any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter." Accordingly, by February 23, 2009, Plaintiff's administrative claim was exhausted.

B.  Equitable Tolling of the Section 2401(b) Limitations Period

Whether the Section 2401(b) limitations period may be equitably tolled has not been answered by the Second Circuit. *See Valdez ex rel Donely v. United States*, 518 F.3d 173, 185 (2d Cir. 2008) (declining to decide the issue); *Celestine v. Mount Neighborhood Health Ctr.*, 403 F.3d 76, 84 (2d Cir. 2005) (same). In *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009), the Ninth Circuit relied on *John R. Sand & Gravel Co. v. United States*, 552 U.S. 128 (2008), to "hold that the six–month statute of limitations in Section 2401(b) is jurisdictional and that failure to file a claim within that time period deprives the federal

9

courts of jurisdiction. Accordingly, the doctrines of equitable estoppel and equitable tolling do not apply." In *Santos ex rel Beato v. United States*, 559 F.3d 189, 194 (3d Cir. 2009), however, the Third Circuit disagreed and held that the FTCA is not jurisdictional and that equitable tolling under the FTCA is possible.

The issue need not be decided here. Assuming, *arguendo*, that the Section 2401(b) limitations period could be equitably tolled, Plaintiff's case does not merit application of the equitable tolling doctrine. A limitations period may be tolled if a plaintiff "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass v. New York City Trans. Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003). Reasonable diligence has not been shown. The February 23, 2009 letter indicates that the limitations period began to run on that date, and even a cursory glance at the statutes and regulations referenced in the February 23 letter would have made clear that the letter addressed administrative exhaustion, but Gunning did not contact the USPS to attempt to allay any confusion, nor did he follow up on his own January 7, 2009 letter requesting thirty days to submit additional materials or request additional time. Seven months elapsed before Gunning contacted the USPS again.

"[A] want of diligence by a plaintiff's attorney generally will not prompt a court to provide relief from a limitations period by way of an equitable toll." *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002); *see also Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) ("This Circuit, like her sisters, has found attorney error inadequate to create the "extraordinary" circumstances equitable tolling requires."). Gunning's misunderstanding is unfortunate, but it cannot excuse Plaintiff's late filing.

IV.     Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss [Doc. # 15] is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED.

      /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of October, 2010.